ON REHEARING

PER CURIAM.
We grant the motion for rehearing filed by the plaintiff Surf Club Apartments, Inc., withdraw our previous opinion filed in this cause, and substitute the following opinion.
This is an appeal by the defendant John E. Downey from an adverse final summary judgment on (a) a declaratory decree action filed by the plaintiff Surf Club Apartments, Inc., and (b) the defendant’s counterclaim for breach of lease, unlawful eviction, and other relief. We affirm, based on a holding that (1) upon the defendant’s sale of his shares of stock in the cooperative apartment complex owned and operated by the plaintiff corporation, the defendant divested himself of all ownership in the plaintiff corporation and, accordingly, all real property interest in the subject cooperative apartment complex, including defendant’s permissive use of room 202; and (2) upon such sale, room 202 reverted to the plaintiff coloration.
We reach this result because, simply stated, a person can have no ownership interest in a cooperative apartment aside firom his/her ownership of stock in the corporation. See In re Estate of Wartels, 357 So.2d 708, 709 (Fla.1978); 4B Richard R. Powell, Powell on Real Property § 632.4[3] (Patrick J. Rohan ed., 1993). Because the defendant was never issued any stock which carried with it the right to lease the subject room, he never had any real property interest therein; his stock solely entitled him to the use of his apartment and he has since sold this stock, which terminated his real property interest in the cooperative apartment complex. Indeed, the plaintiff corporation expressly notified the defendant by letter prior to such sale that upon the sale the defendant would not be able to retain any ownership rights in the room.
It is true that in 1977, the Board of Directors of the Surf Club Apartments, Inc. passed a resolution authorizing the corporation’s president to execute appropriate documents so as to give a leasehold interest in certain rooms in the apartment complex to those apartment owners — including the defendant — who were being treated as “room owners” by the plaintiff corporation. No subsequent action, however, was ever taken by the president to execute such documents; hence, the defendant never obtained a perfected leasehold interest in the subject room, and, accordingly, he had no authority to transfer it. Moreover, the resolution was specific that the subject transfer was authorized only between Surf Club owners, i.e., shareholders in Surf Club Apartments, Inc. Upon the sale of his stock in the Surf Club Apartments, Inc., the defendant was no longer a shareholder therein and was, accordingly, no longer covered by the 1977 resolution.
Affirmed.